[Civ. No. 3761.  Second Appellate District, Division One.—November 4, 1921.]

FRED H. CURRIE, as Administrator, etc., Respondent, v. G. C. LANDES, Appellant.

[1] PARTNERSHIP—INTEREST OF DECEASED PARTNER—RIGHTS OF PURCHASER.—The interest of a deceased partner in the business and property of the partnership is an asset of his estate, and although in the control and management of the surviving partner and subject to the payment of the firm's debts and expenses in connection therewith, it is subject to sale by the administrator as provided by section 1524 of the Code of Civil Procedure, and a purchaser of such an interest is chargeable with knowledge of the fact that he cannot, as against the will of the surviving partner, be given possession of the property or have any voice in the control, management, and disposition thereof, but that his right is such only as was possessed by the estate, which was its share in the proceeds of the sale of the partnership assets after the payment of its debts.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Chas. Monroe, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Turnbull, Heffron & Kelley and Rupert B. Turnbull for Appellant.

John C. Miles and Charles W. Hackler for Respondent.

SHAW, J.—Defendant appeals from a judgment entered in favor of plaintiff.

It appears from the findings that at the time of his death James H. Currie left as part of the assets of his estate an undivided one-half interest in and to a restaurant, with its equipment and fixtures, which he and Norris Rauch owned and conducted as equal partners; that on July 19, 1920, plaintiff then being the duly appointed and acting administrator of the estate of deceased, the defendant agreed for a consideration of five thousand one hundred dollars to purchase the interest of the estate in and to said restaurant, equipment, and business, and thereupon paid to the administrator of said estate the sum of one thousand dollars on account of the purchase price thereof, it being agreed that the balance should be paid upon an order of court confirming the sale so made by plaintiff to defendant; that on August 27, 1920, at a hearing duly had, the court made its order approving the sale; notwithstanding which facts so found to be true, defendant on demand therefor refused to consummate the purchase and pay said balance of four thousand one hundred dollars.

As to matters alleged as a separate defense and by way of counterclaim, the court likewise found adversely to defendant.

Appellant makes no attack upon any of the findings for insufficiency of the evidence to justify them. His contention is that they do not support the conclusion of law that plaintiff is entitled thereon to judgment.

[1] While Rauch as the surviving partner was, as provided by section 1585 of the Code of Civil Procedure, entitled, without interference or participation on the part of the plaintiff as administrator, to the possession, management, and disposition of the business and property of the firm for the purpose of paying its debts, nevertheless the interest of deceased therein was part of the assets of his estate, to be inventoried and appraised as other property. This interest was the residuum of the partnership property

and business after the partnership affairs should be wound
up and the debts paid. (*Tompkins* v. *Weeks*, 26 Cal. 51.)
This interest, subject to the rights of the surviving partner
as shown by the findings, was the subject of the sale. Being
an asset of the estate, though in the control and manage-
ment of Rauch as surviving partner and subject to the
payment of the firm's debts and expenses in connection
therewith, it was, like any other property of a personal
character belonging to the estate, the subject of sale by
the administrator, as provided by section 1524 of the Code
of Civil Procedure. (*Cooley* v. *Miller & Lux,* 168 Cal. 120
[142 Pac. 83].) Indeed, under section 1522 of the Code
of Civil Procedure, the administrator possesses the power
to make such sales without an application to the court
for an order so to do, in which case, however, he is held
responsible for his act until, upon a proper showing, the
court shall have approved the same. In the instant case,
as appears from the findings, the sale was made and the
one thousand dollars by defendant paid on the purchase price
thereof, subject to the sale being confirmed by an order of
court, upon which the balance of four thousand one hundred
dollars was to be paid. The sale was confirmed, and there-
fore it was incumbent upon defendant, as purchaser of the
interest of the estate in said partnership property, to pay
the balance of the purchase price in accordance with his
agreement so to do. Under the law he was chargeable
with knowledge of the fact that he could not, as against
the will of Rauch as surviving partner, be given possession
of the property or have any voice in the control, manage-
ment and disposition thereof, but that his right as pur-
chaser of the interest of the estate in and to said prop-
erty was such only as the estate had, and, as stated, this
was one-half of the surplus over the amount required in
the payment of debts of the firm. Whether or not the
purchase would, under the circumstances, be profitable was,
like the purchase of anything else, a question for him
to determine. In buying the interest he may have been
actuated by the belief that Rauch would accept him as a
partner; but, as found by the court, such belief was not
justified by any act on the part of plaintiff, and since,
as alleged in his answer, Rauch would not accept him as a
partner or permit him to participate in the management

and control of the business, he must be content with the receipt of that which the estate would have received had he not purchased its interest therein, namely, its share in the proceeds of the sale of the copartnership assets and business after the payment of partnership indebtedness.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.